UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PATRICIA PACE                                                                              PLAINTIFF

v.                                         Civil Action No. 3:17-CV-0009-CWR-LRA

MISSISSIPPI BAPTIST HEALTH
SYSTEMS, INC.                                                  DEFENDANT

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Patricia Pace is a registered nurse who began work as a case manager in the emergency department of Mississippi Baptist Medical Center in January 13, 2013. Ms. Pace has a longstanding history of major depression. Nevertheless, her supervisors found her work satisfactory until she took a short leave of absence under the Family Medical Leave Act in February and March 2015. Ms. Pace had requested FMLA leave in the wake of a major depressive episode with suicidal ideation. Ms. Pace abbreviated her requested leave after the acute episode resolved.

    When Ms. Pace returned to work, her supervisor Kelly Johnston subjected her work to increasingly intense scrutiny and criticism. Within a few months, Johnston pressured Ms. Pace to move from the emergency department to another part of the hospital. The increased workload on the hospital floor, however, all but guaranteed Ms. Pace's failure. Ultimately, Baptist fired her after just a two-week orientation period in her new assignment.

Kelly Johnston discriminated against Ms. Pace because of Ms. Pace's disabling depression and PTSD. Ms. Pace's termination violated the Americans with Disabilities Act.

### 1. Ms. Pace has an ADA disability and was a "qualified individual" for her job.

"The ADA prohibits an employer from discriminating against a 'qualified individual with a disability on the basis of that disability.'" *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (quoting 42 U.S.C. § 12112(a)). A plaintiff establishes a *prima facie* case of disability discrimination by proving "(1) that he has a disability; (2) that he was qualified for the job; (3) that he was subject to an adverse employment decision on account of his disability." *Zenor v. El Paso Healthcare System, Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999). An ADA disability is "a physical or mental impairment that substantially limits one or more major life activities…" 42 U.S.C. § 12102(1)(A). A plaintiff can "prevail [on an ADA discrimination claim] by establishing 'she has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.'" *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 230 (5th Cir. 2015) (quoting 42 U.S.C. § 12102(3)(A)). An ADA "qualified individual" is "'an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" *Shirley v. Precision Castparts Corp.*, 726 F.3d 675, 678 (5th Cir. 2013) (quoting 42 U.S.C. § 12111(8)).

Ms. Pace began employment at Baptist in January 2013. (Pace Dep. at 55:11-14; Johnston Aff. at 3, ¶ 7.)[1] She had suffered with depression and PTSD before her employment began. (Pace dep. at 138:5-10.) In certifying Ms. Pace's need for FMLA leave, her psychiatrist Dr. Michael Stept described PTSD and depression as chronic. (Stept cert. at 2, ¶ 4.)[2] In describing the duration of Ms. Pace's condition, Dr. Stept described it as "chronic with exacerbation." *Id.* at 2, ¶ 1. Dr. Stept described the episode Ms. Pace experienced beginning February 20, 2015 as "acute exacerbation of depression with suicidal ideation." *Id.* at 2, ¶¶ 1 and 4. He further commented, "Her depression was so severe that I recommended she take 7-10 days leave from work." *Id.* at 2, ¶ 4. Ms. Pace's mental health condition is obviously an ADA disability.

Ms. Pace was also a qualified individual for her job. As noted earlier, she began work in January 2015. She worked a case manager in the emergency department for over two years (until her transfer to the hospital floor). (Pace dep. at 67:12-17.) Despite the affidavits Baptist has brought forward from its employees, Ms. Pace's job performance was satisfactory through the time she took FMLA leave. Indeed, the score on her 2014 end-of-year performance evaluation classified her as a "Solid Performer." (Pace dep. Ex. 6.)

---

[1] The documents cited in this memorandum are included as exhibits to the defendant's motion for summary judgment. The transcript of the deposition of Patricia Pace is Exhibit A. Kelly Johnston's affidavit is Exhibit B.

[2] Dr. Stept's certification is Exhibit 1 to Exhibit G of the defendant's motion. Baptist filed the certification under seal. It appears at ECF # 26.

### 2. Kelly Johnston's discriminatory actions caused Ms. Pace's poor work performance, and poor work performance was a pretext for discriminatory action.

Ms. Pace performed satisfactory work as a case manager in the emergency department until she experienced an acute major depressive episode in February 2015 and took FMLA leave. Kelly Johnston is director of case management at Baptist (Johnston aff. at 1, ¶ 1), and she became Ms. Pace's supervisor in September 2014, *id.* at 3, ¶ 6. Shortly after Ms. Pace returned from FMLA leave in March 2015, her coworkers let her know that Kelly Johnston wanted to remove her from the emergency department. (Pace Dep. at 113:4-114:17.)[3]

Upon Ms. Pace's return from FMLA leave, Ms. Johnston subjected her work to increasingly intense criticism and scrutiny. (Pl. Resp. to Def. Interrog. No. 9.)[4] In May 2015, Johnston imposed a "performance improvement plan" on Ms. Pace. (Pace Dep. at 92:1-5, 14-7, Ex. 10.) Ms. Pace had difficulty working through the performance improvement plan because she received more criticism than support from Johnston. *Id.* at 104:12-15.

On June 18, 2015, Johnston met with Ms. Pace and suggested she move from case management in the emergency department to a utilization review position.

---

[3] Pages 114-115 are missing from Exhibit 1 to the defendant's motion for summary judgment. The missing pages are attached as Appendix 1 to this memorandum. Ms. Pace's former co-worker Brandy Roby Brown now denies she overheard anyone in management discussing Ms. Pace, her condition, and the need/desire to remove her from the ER. Def. Motion, Ex. I, Aff. of Brandy Roby Brown at ¶ 7.

[4] Def. motion, Ex. J. at 4-5.

—4—

(Johnston Aff. at 5, ¶ 11.) Ultimately Ms. Pace was not placed in utilization review because the available positions were supposedly limited to LPNs. *Id.* at 5-6, ¶ 12.

When the utilization review position did not work out, Ms. Johnston next suggested that Ms. Pace move into a case management position on the hospital floor. *Id.* at 6, ¶ 12. Despite Ms. Johnston's contention, Ms. Pace had not requested to leave the emergency department. (Pace Dep. at 113:1-3.) However, Ms. Pace was aware Johnston did not want her in the emergency department, and Johnston suggested moving to the hospital floor was the only alternative to remaining in the emergency department. *Id.* at 112:22-25.

Ms. Pace moved to the hospital floor on July 6, 2015 to work as a case manager. (Johnston Aff. at 6, ¶ 12.) Ms. Pace's caseload on the floor was much heavier than that in the emergency department. (Pace Dep. at 119:15-120:8.) Baptist gave Ms. Pace an abbreviated orientation period on the floor, and she was unable to keep up with the caseload. *Id.* at 137:14-138:10. Not surprisingly, Johnston decided Ms. Pace should be terminated and notified her of her termination on July 31, 2015. (Johnston Aff. at 8-9, ¶¶ 16-17.)

As discussed above, Ms. Pace has established a *prima facie* case that her termination resulted from discrimination because of her disability. Baptist argues that Ms. Pace was fired for poor job performance. Should the Court accept poor job performance as a potential legitimate nondiscriminatory reason for termination under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), Ms. Pace can nevertheless establish poor work performance was

"merely a pretext for unlawful discrimination." *McInnis v. Alamo Community College Dist.*, 207 F.3d 276, 280 (5th Cir. 2000). A plaintiff may establish discrimination through circumstantial evidence where such evidence would allow "'a rational factfinder to make a reasonable inference that [disability] was a determinative reason for the employment decision.'" *Id.* at 282 (quoting *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir.1996)).

In this case, a reasonable factfinder could infer that Ms. Pace was fired because of her disability and not because of her job performance. As discussed above, Ms. Pace was a "solid performer" in her job for two years. After she took leave in March 2015 because of an acute major depressive episode, her supervisor subjected her to increasing scrutiny and criticism. Ultimately her supervisor pressured her into leaving the emergency department for a heavier work load on the hospital floor, for which she was afforded only brief orientation. The transfer to the floor all but ensured her failure and termination.

### 3. Summary judgment is not appropriate.

"Summary judgment is only appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *State Farm Fire & Cas. Co. v. Flowers*, 854 F.3d 842, 844 (5th Cir. 2017) (quoting Fed. R. Civ. P. 56(a)). In ruling on a motion for summary judgment the Court must view "all facts and evidence in the light most favorable to the non-moving party." *Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 273 (5th Cir. 2015). If the Court determines the burden of production has returned to

the plaintiff under *McDonnell Douglas*, "'a jury issue will be presented and a plaintiff can avoid summary judgment . . . if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [disability] was a determinative factor in the actions of which plaintiff complains.'" *McInnis*, 207 F.3d at 282 (quoting *Rhodes*, 75 F.3d at 994).

As discussed above, at the end of Ms. Pace's second year as a case manager in the ER, Baptist considered her a solid performer. Only after Ms. Pace experienced an acute mental health crisis did Kelly Johnston put increasing pressure on her by intensifying scrutiny and criticism, subjecting her to a performance improvement plan, etc. Ultimately Johnston's actions accomplished the goal of removing Ms. Pace from the ER and employment with Baptist altogether. It is a reasonable inference that Ms. Pace's supervisor's actions were because of Ms. Pace's mental health condition. Accordingly, the Court should deny summary judgment.

Dated: November 9, 2017.

                                          Respectfully submitted,

                                          PATRICIA PACE

                            By:   /s/ James M. Priest, Jr.     ,
                                     Her attorney

Of Counsel:

James M. Priest, Jr., MSB # 99352
Gill, Ladner & Priest, PLLC
344 Highway 51, Second Floor
Ridgeland, MS 39157
(601) 352-5700
jamie@glplawfirm.com

CERTIFICATE OF SERVICE

    I hereby certify that on November 9, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

    Kenneth E. Milam
    kemilam@watkinseager.com
    Walter J. Brand
    wbrand@watkinseager.com

                                         /s/ James M. Priest, Jr.