# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

PATRICIA PACE                                                                           PLAINTIFF

V.                                                              CAUSE NO. 3:17-CV-0009-CWR-LRA

MISSISSIPPI BAPTIST HEALTH                                                              DEFENDANT
SYSTEMS, INC.

## ORDER

Plaintiff Patricia Pace has filed an employment discrimination case against Defendant Mississippi Baptist Health Systems ("Baptist"). For the reasons below, Baptist is entitled to summary judgment.

## I.    Factual and Procedural History

Pace has a longstanding history of major depression and post-traumatic stress disorder. In January 2013, Baptist hired Pace, a registered nurse, to work as a case manager in the emergency department of Baptist Medical Health Center. Pace was responsible for facilitating the admission and discharge of emergency room patients. Her duties included assisting patients with transportation needs; communicating regularly with physicians, nurses, and other staff concerning patient needs; completing admission and discharge assessments for each patient; and filling in patients' medical records.

In September 2014, Kelly Johnston, the director of case management and Pace's supervisor, began to receive complaints about Pace's deficient job performance. For example, William Solzfus, another emergency department nurse, observed Pace decline or fail to perform her case management duties on multiple occasions. He often found Pace sitting at her desk, looking at her computer, and ignoring calls for her assistance. Robert Coleman, the director of

emergency services, received complaints from physicians who reported that Pace failed to assist them in discharging patients out of the emergency department and instead sat by her computer.

Based on these complaints, Johnston required Pace to attend additional training in October 2014. Even with this training, Johnston continued to receive complaints about Pace's performance. In her end-of- year evaluation, Pace received a score of 60%, classifying her as a "Solid Performer."[1] Docket No. 21-1, Ex. 6.

Pace does not address the specifics of the complaints, but sees the complaints as a continuing pattern of Johnston's harassment. In Pace's view, Johnston selectively subjected her to increasingly intense criticism and scrutiny.

In February 2015, Pace experienced an acute major depressive episode with suicidal ideation and took approved leave. When Pace returned to work the next month, Johnston continued to receive complaints about Pace's deficient performance.[2] Johnston consequently decided to place Pace on a written Performance Improvement Plan ("PIP"), which she reviewed with Pace in May 2015.[3]

---

[1] Baptist uses the following grading scale:
    If Evaluation Score is <60%, Evaluation Rating is Needs Development.
    If Evaluation Score is >=60% and <80%, Evaluation Rating is Solid Performer.
    If Evaluation Score is >=80%, Evaluation Rating is Top Performer.
Docket No. 21-1, Ex. 6.

[2] Pace testified that, shortly after she returned to work, her co-worker Brandy Roby Brown told her that Johnston "has it out for you." Docket No. 29-1 at 1. This statement constitutes hearsay, and hearsay elicited in deposition is not competent summary judgment evidence. *Timberlake v. Teamsters Local Union No. 891*, 428 F. App'x 299, 301 (5th Cir. 2011). Further, Brown has denied hearing Johnston or another supervisor state "that they needed to get rid of Pace because they couldn't have a depressed person with suicidal ideation working in the emergency room." Docket No. 21-9.

[3] According to Baptist policy, the purpose of a PIP is to "[p]rovide a common understanding between the employee and his/her supervisor regarding performance for employees that receive a Needs Development performance rating or has a job requirement/goal that requires targeted performance improvement. Improvements must be demonstrated by the employee to insure continued success in his/her current job and at Baptist Health Systems. Failure to reach a satisfactory performance level during the performance period . . . could lead to additional corrective action up to and including termination." Docket No. 21-1, Ex. 10.

Following the implementation of the PIP, Johnston and Pace met weekly to discuss Pace's progress. Johnston observed that Pace was still failing to fill in electronic medical records and to interact proactively with patients and other staff.

On June 18, 2015, Johnston discussed with Pace the possibility of moving from case management in the emergency department to a utilization review position, which would involve communicating with insurance companies and require less in-person interaction. After mentioning this to Pace, Johnston checked in with Bobby Ware, the Chief Nursing Officer, about the utilization review position. Ware said that Pace was unqualified for the position because Baptist allowed only licensed practical nurses to solely perform utilization review duties. Johnston relayed this requirement to Pace and apologized for the misunderstanding. Johnston explained that the only other transfer alternative was a case management position on a main hospital floor.

Pace accepted the transfer and, after orientation, began work on the floor on July 6, 2015. Pace's floor duties were largely the same as in the emergency department, except that floor case managers facilitated the discharge process from the main hospital. But Pace's new placement required her to manage a heavier caseload and to interact even more with patients and other personnel. It did not go well. Gloria Thompson, another case manager that worked with Pace on the floor, observed that Pace struggled to keep up with the caseload and, as a result, needed significant oversight and assistance.

After Thompson reported these challenges to Johnston, Johnston decided to place Pace on another PIP. On July 21, 2015, Johnston and Denice Hux, a human resources supervisor, met with Pace to go over the PIP. Hux asked Pace multiple times whether she needed any reasonable accommodations, and each time Pace responded no.

Following the meeting, Thompson continued to monitor Pace and found that Pace still struggled to complete her duties. On July 31, 2015, Johnston met with Pace and Thompson to discuss Pace's progress. Pace agreed that she was unable to meet the requirements of a case manager on the floor. Johnston decided to discharge Pace, and Baptist's human resources department approved the decision.

Following her discharge, Pace filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Baptist violated her rights under the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12112(a). After the EEOC issued a Right to Sue letter, Pace filed this action in Hinds County Circuit Court on August 29, 2016. The action was properly removed to this Court pursuant to federal question jurisdiction. Baptist now seeks summary judgment on all claims.

## II. Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying the basis for its motion and the portions of the record that support it. *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

When considering a summary judgment motion, the court "must view all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013) (citation omitted). But "[u]nsubstantiated

assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) (citation omitted). Moreover, inadmissible hearsay is insufficient to create a material dispute for summary judgment. *Garcia v. Reeves Cnty.*, Tex., 32 F.3d 200, 204 (5th Cir. 1994).

**III. Discussion**

Pace alleges that Baptist violated the ADA by (1) terminating her employment because she is disabled, *see* 42 U.S.C. § 12112(a), and (2) failing to make a reasonable accommodation for her disability, *see id*. § 12112(b)(5)(A).[4]

As an initial matter, Pace's response fails to address her reasonable accommodation claim. Consequently, it does not survive summary judgment.[5] *City of Canton v. Nissan N. Am., Inc.*, 870 F. Supp. 2d 430, 437 (S.D. Miss. 2012) ("Failure to address a claim results in the abandonment thereof."). As such, the Court will address only her discriminatory discharge claim.

To establish a prima facie case of discrimination, the plaintiff must prove that (1) she has a disability, (2) she is qualified, and (3) her employer made an adverse employment decision solely because of her disability. *Toronka v. Cont'l Airlines, Inc.*, 411 F. App'x 719, 724 (5th Cir. 2011).[6]

The plaintiff can establish she is "qualified" by showing that either (1) she could perform the essential functions of the job in spite of her disability, or (2) that a reasonable accommodation of her disability would have enabled her to perform the essential functions of the job. *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017). Reassignment to another position may be a reasonable accommodation, "but the plaintiff bears

---

[4] Pace does not bring a disability-based workplace harassment claim under the ADA.
[5] Moreover, it is the plaintiff's burden to request a reasonable accommodation. *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007). In this case, Pace never requested a reasonable accommodation.
[6] Baptist assumes without conceding that Pace's depression constituted a disability.

the burden of proving that an available position exists that [she] was qualified for and could, with reasonable accommodations, perform." *Id*. at 418.

Here, Pace fails to meet her burden. She first argues that she could perform the essential functions of the job in spite of her disability, based on her 2014 evaluation as a "Solid Performer." The relevant question, however, is whether she could perform those functions *at the time of the employment decision*. *Id*. at 417. Pace received her "solid performer" evaluation at the end of 2014, not when Baptist discharged her seven months later on July 31, 2015. And by that time, Pace's supervisor, Kelly Johnson, had received several complaints from other nurses, doctors, and staff about Pace's performance deficiencies. Even Pace concedes that she was unable to perform her case management duties in the emergency department and on the floor. *See* Docket No. 21-1, Ex. A at 103-04, 137-38; Docket No. 21-1, Ex. 10 at 2.[7]

Pace alternatively contends that reassignment to a utilization review position would have enabled her to perform the essential functions of her job. In response, Baptist asserts that it did not allow registered nurses, such as Pace, to perform such duties exclusively. The position was open only to licensed practical nurses, and the ADA does not require employers to modify or eliminate essential job requirements. *Toronka*, 411 F. App'x at 724. Pace claims that she heard another registered nurse filled the same position. But she has no evidence to support this contention. *See Burch v. City of Nacogdoches*, 174 F.3d 615, 622 (5th Cir. 1999) ("[T]he law requires [a plaintiff] to prove that he is qualified for that position. Part of that proof must be more than the worker's self-serving testimony.").

Because Pace cannot establish that she was qualified under the ADA at the time of her termination, the Court grants summary judgment on Pace's disability discrimination claim.

---

[7] Her deposition testimony says it all. When asked, "[Y]ou were not able to meet the requirements of a case manager on the floor at Baptist Hospital, were you?", Pace's response was, "No, I was not." Docket No. 21-1, Ex. A at 137.

**IV.	Conclusion**

The defendant's motion for summary judgment is granted. A separate final judgment will issue this day.

**SO ORDERED**, this the 7th day of March, 2018.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE